# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VALDEZ,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LARRY LEEDS, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:17-cv-00430-LJO-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>(ECF No. 21) |

## I. BACKGROUND

Plaintiff filed the Complaint initiating this Civil Rights action on March 23, 2017, and filed a First Amended Complaint ("1AC") on April 14, 2017. (ECF Nos. 1, 7.) Plaintiff has brought two claims pursuant 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the U.S. Constitution and two state tort claims for battery and conversion arising out of an early-2016 incident that occurred in Hanford, California wherein Plaintiff was injured and arrested after an altercation with Hanford Police Officer Larry Leeds. The "Second Claim for Relief" in the 1AC for violation of the Fourteenth Amendment (denial of medical care) names County of Kings, Defendant Naphcare, Inc., and Does 1-10 as Defendants.

On July 25, 2017, the Court entered a scheduling order setting a non-expert discovery

deadline for May 2, 2018 and dispositive motions deadline for September 17, 2018. (ECF No. 20.) A jury trial was scheduled before Chief Judge Lawrence J. O'Neill for March 12, 2019. However, no deadline was including in the scheduling order for amendment of pleadings.

On December 19, 2017, Plaintiff filed the instant motion for leave to file a second amended complaint ("2AC"). (ECF No. 21.) Plaintiff seeks leave to amend the 1AC in order to name the Doe 1-10 Defendants in the Second Cause of Action. Defendants Hanford Police Department and Larry Leeds have indicated that they do not oppose the motion, (ECF No. 25), whereas Defendant County of Kings, California ("Kings County") has filed an opposition to the motion, (ECF No. 28). Plaintiff has filed a reply in support of granting the motion. (ECF No. 29.)

For the following reasons, the Court grants leave for Plaintiff to file a Second Amended Complaint.

**II.    DISCUSSION**

    **A. Applicable Legal Standard**

"Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. Pro. 15(a)(2); *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011); *Zucco Partners, LLC v. Digimarc Ltd.*, 552 F.3d 981, 1007 (9th Cir. 2009). "This policy is to be applied with extreme liberality." *C.F.*, 654 F.3d at 985; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). In the Ninth Circuit, these factors are commonly referred to as the "*Foman* factors." *See Eminence*, 316 F.3d at 1052.

\\\

**B. Analysis**

It is argued by Kings County that leave to amend should be denied based upon the following *Foman* factors: 1) undue delay, 2) repeated failure to cure deficiencies, 3) bad faith, and 4) undue prejudice.

      *i.     Undue Delay and Repeated Failure to Cure Deficiencies*

As initial matter, the Court notes that a deadline for amendment of pleadings was not set in the scheduling order. Therefore, this is not a case where "the *more stringent* 'good cause' showing required under Rule 16" trumps the "liberal amendment procedures afforded by Rule 15." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (emphasis as in original). In evaluating undue delay, the Court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Id.* (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

Kings County contends that Plaintiff knew the identities of the Doe Defendants in 2016, prior to the filing of the Complaint initiating this action. This is evidenced by the fact that, following his arrest, Plaintiff filed grievances, wrote letters, filed personnel complaints and received responses from these specific individuals. Plaintiff also filed a Writ of Habeas Corpus in March of 2016 which included supporting documents identifying certain defendants. These documents were again produced in discovery in this case. Kings County argues that Plaintiff's delay in naming the Doe Defendants in the original Complaint and 1AC demonstrates undue delay.

Plaintiff responds by acknowledging that the names of some of the "potential defendants" were know at the time of filing the original Complaint in March 2017, but he had insufficient information to make a decision as to their potential culpability in this action. Thus, Plaintiff's counsel needed to conduct her own investigation to discover the appropriate defendants' identities. As a result of the investigation, Plaintiff was finally able to make a determination as to which Doe Defendants should be named a week prior to filing his motion on December 19, 2017.

While certain relevant documents may have been in Plaintiff's position at the time of the filing of the prior complaints, Plaintiff's counsel was exercising reasonable diligence in

conducting her own investigation into identifying the correct Defendants.  Under these circumstances, the Court finds that there was no undue delay in naming the Doe Defendants.

*ii.     Repeated Failure to Cure Deficiencies*

Next, the Court does not find that this is a case where Plaintiff's prior amendment to the Complaint should weigh against granting the instant amendment. Repeated failure to cure deficiencies occurs when a pleader alleges and re-alleges the same theories in an attempt to cure pre-existing deficiencies. *See Eminence*, 316 F.3d at 1053. In *Eminence*, the Ninth Circuit held that the district court abused its discretion by denying leave to amend where the district court based its denial upon the plaintiffs' three prior opportunities to file a non-deficient complaint. *See id*. Although the Ninth Circuit held that the proposed amendment in that case was deficient, it also stated that prior opportunities to file a complaint, standing alone, were not a sufficient basis to deny leave because "plaintiffs had not filed three substantially similar complaints alleging substantially similar theories." *Id*. (reasoning that, under these circumstances, it was "not accurate to imply that plaintiffs had filed multiple pleadings in an attempt to cure pre-existing deficiencies").

Here, like in *Eminence*, it would not be accurate to characterize the filings in this case as proving Plaintiff with multiple opportunities to cure pre-existing deficiencies. The prior amendment was not filed for the purpose of naming Doe Defendants. The 1AC was filed -- unprompted by any deficiency identified the Court-- less than one month after the original Complaint, and both pleadings named Does 1-10 in the Second Claim for relief.

*iii.    Bad Faith*

Similarly, the record offers no support for a finding of bad faith, as Kings County suggests. "A party 'demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (citing *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir.1997)). "Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early." *Flores v. City of Concord*, No. 15-CV-05244-TEH, 2017 WL 2472977, at *3 (N.D. Cal. June 8, 2017) (quoting *Mendia v. Garcia*, 165 F. Supp. 3d 861, 873

4

(N.D. Cal. 2016) (citing *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995)). "Generally courts require more than unexcused delay: there must be evidence in the record that a party acted with a dilatory motive, intention to cause undue delay, or the goal of otherwise obstructing the litigation process." *Id*. (citations omitted).

Here, there is no evidence to suggest that Plaintiff acted with a dilatory motive, intention to cause undue delay, or the goal of otherwise obstructing the litigation process. Plaintiff has provided an explanation for waiting until this point to name the Doe Defendants, which the court has accepted as a reasonable exercise of diligence by counsel. There is no suggestion that the delay was a result of Plaintiff's bad faith.

### iv. Undue Prejudice

Finally, Kings County argues that it will be unduly prejudiced by the proposed amendment in that it would need to "reopen discovery and continue matters if ten of its employees are added as defendants this late in the discovery process." "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Sonoma*, 708 F.3d at 1117 (quoting *Eminence*, 316 F.3d at 1052). "'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *SAES Getters S.p.A. v. Aeronex, Inc*., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Sols., Inc*., 194 F.3d 980, 986 (9th Cir. 1999) (citing *Solomon v. North Am. Life & Cas. Ins. Co*., 151 F.3d 1132, 1139 (9th Cir. 1998)). The prejudice to a non-movant is mitigated when the case is still in the discovery stage and there is no evidence that the non-movant would be prejudiced by the timing of the proposed amendment. *See DCD*, 833 F.2d at 187-88.

The Court recognizes that additional client interviews and depositions will need to occur as a result of the amendment. While this will certainly increase the cost of the defense, the resulting

prejudice is lessened by the fact the current Defendants had notice that the Second Claim for Relief named Does 1-10 who were likely to be named by a later amendment from the very inception of the case. Additionally, prejudiced is lessened by the fact that the proposed amendment does not add new claims or theories.

Nor is this is a case where amendment has been requested on the eve of trial. There is no need to "reopen discovery" as Kings County suggests. The non-expert discovery deadline in this case is set for May 2018. The dispositive motions deadline is set for September 2018, and trial is set for March 2019. Thus, there is time remaining in the discovery schedule. If there does prove to be insufficient time, this amendment could possibly form the basis for "good cause" for requesting a modification of the discovery schedule.

The Court does not find undue prejudice to Defendants in this case.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to amend the 1AC (ECF No. 21) to identify the Doe Defendants is GRANTED. Plaintiff may file his Second Amended Complaint no later than thirty days from the date of this order.

IT IS SO ORDERED.

Dated: **January 16, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE