UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VALDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>HANFORD POLICE DEPARTMENT, a municipal entity, *et al.*,<br><br>    Defendants. | Case No. 1:17-CV-00430-LJO-EPG<br><br>**ORDER REQUESTING PARTIES TO INFORM THE COURT ON WHETHER THEY CONSENT TO GO FORWARD WITH MAGISTRATE JUDGE GROSJEAN NOTWITHSTANDING THE SETTLEMENT CONFERENCE**<br><br>(ECF No. 56) |

On May 29, 2018, the parties participated in a settlement conference before the undersigned Magistrate Judge, Erica P. Grosjean. (ECF No. 56.) Judge Grosjean is not the presiding judge in this case and will handle non-dispositive matters such as discovery disputes going forward. The parties previously consented to Judge Grosjean's role as mediator in a settlement conference.

A settlement conference was held before Judge Grosjean on May 29, 2018. Although it appeared that the case had settled, settlement negotiations subsequently broke down and the case is now moving forward.

In light of the undersigned's participation in the settlement conference, the Court is *sua sponte* raising the issue of whether recusal is appropriate.

A "judge may not sit in cases in which [her] 'impartiality might reasonably be questioned.'" *United States v. Holland*, 519 F.3d 909, 911–13 (9th Cir. 2008) (quoting 28 U.S.C. § 455(a), (b) (a magistrate judge "shall disqualify [herself] in any proceeding in which

1

1 [her]impartiality might reasonably be questioned," or where the judge has "personal knowledge of disputed evidentiary facts concerning the proceeding").

On the other hand, in the absence of a legitimate reason to recuse herself, "'a judge should participate in cases assigned.'" *United States v. Holland*, 519 F.3d 909, 911–13 (9th Cir. 2008) (citing *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985); *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000)). Indeed, "judges are not to recuse themselves lightly under § 455(a)." *Snyder*, 235 F.3d at 45-46. "[T]he unnecessary transfer of a case from one judge to another is inherently inefficient and delays the administration of justice." *Holland*, 519 F.3d at 46 (citing *Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482, 491 (1st Cir. 1989) (noting that the judicial system would be "paralyzed" were standards for recusal too low)).

Here, the undersigned participated as a mediator in a settlement conference with the parties' consent. It is well settled that a judge's participation in a settlement conference does not generally create the appearance of partiality or otherwise justify recusal. *See S.E.C. v. Sunwest Mgmt., Inc.*, No. CIV. 09-6056-HO, 2009 WL 1065053, at *2 (D. Or. Apr. 20, 2009), *aff'd sub nom. S.E.C. v. ING USA Annuity & Life Ins. Co.*, 360 F. App'x 826 (9th Cir. 2009) (magistrate judge not required to recuse himself; "judge's knowledge of facts gained from participating as a mediator in a settlement proceeding is not 'extrajudicial'"); *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 447–48 (2d Cir. 2005) (affirming magistrate judge's decision to not recuse himself after participating in settlement conference); *Wiley v. United Parcel Serv., Inc.*, 11 F. App'x 181, 182 (4th Cir. 2001) (affirming judge's decision to not recuse; "[g]enerally, a judge's participation in a settlement conference does not, by itself, create an appearance of partiality"); *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse–Wis., Inc.*, 991 F.2d 1249, 1255–56 (7th Cir.1993) (facts learned by a judge in his or her judicial capacity "in the same or a related proceeding" cannot justify disqualification); *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (judge's "attempts to encourage a settlement clearly beneficial to Dr. Franks do not give rise to an objective appearance of bias within the meaning of section 455(a)").

The undersigned does not find she is required, under the circumstances of this case, to recuse herself. Nonetheless, in light of the Court's active participation in mediating the settlement

conference, and subsequent discussions that have occurred between the parties and the Court regarding settlement, the Court, out of an abundance of caution, will require the parties to file a statement, within seven (7) days of the date of this order, notifying the Court on whether they choose to go forward with the undersigned as the magistrate judge assigned to the case or whether request instead that the case be reassigned to a different magistrate judge. If either party requests reassignment, the case will be reassigned. There will be no adverse consequences for requesting reassignment. Accordingly,

IT IS ORDERED that the parties shall file, **within seven (7) days** of the date of this order, a statement notifying the Court on whether they choose to go forward with the undersigned as the magistrate judge assigned to the case or whether they request instead that the case be reassigned to a different magistrate judge.

IT IS SO ORDERED.

Dated: **August 6, 2018**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE