# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VALDEZ,<br><br>       Plaintiff,<br><br>   v.<br><br>LARRY LEEDS, et al.,<br><br>       Defendants. | Case No. 1:17-cv-00430-LJO-SAB<br><br>ORDER FOLLOWING INFORMAL DISCOVERY DISPUTE |

## I.

## BACKGROUND

The subject of the current dispute is Plaintiff's deposition notice pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The Rule 30(b)(6) deposition notice was originally served in April 2018, and the current dispute was raised before Magistrate Judge Grosjean. However, the parties agreed to settle the action and the Rule 30(b)(6) depositions did not occur, nor did Judge Grosjean issue an order addressing the dispute. The settlement fell apart, and on August 6, 2018, an amended scheduling order issued setting new deadlines in this action.

On January 14, 2019, Plaintiff's counsel emailed Defendant Napchare's counsel requesting dates for a Rule 30(b)(6) deposition. When it was inquired into as to the subjects to be noticed, Plaintiff's counsel indicated that it would be the same subjects noticed for the prior

deposition. The parties then contacted the Court for an informal discovery dispute conference. The parties were directed to file an informal dispute letter, but due to Plaintiff's delay in providing his portion of the letter, the letter was not completed until January 21, 2019. (ECF No. 84.)

The Court attempted to hold an informal telephonic conference regarding the matter on January 22, 2019, however, Plaintiff's counsel did not appear and the informal telephonic conference was continued to January 23, 2019. (ECF No. 83.) An informal telephonic conference was held on January 23, 2019. Counsel Chad Couchot appeared for Defendant Napchare, Inc., (hereafter "Napchare" or "Defendant") and counsel Megan Dodd appeared for City of Hanford. Plaintiff's counsel again failed to appear. The Court infers that counsel's failure to appear is an intent not to be heard. Therefore, the Court conducted the conference.

## II.

## LEGAL STANDARD

### A. Depositions Pursuant to Rule 30(b)(6)

Depositions are governed by Rule 30 of the Federal Rules of Civil Procedures. Rule 30(b)(6) provides that "a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination." "The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6).

"The purpose of a Rule 30(b)(6) deposition is to streamline the discovery process." Risinger v. SOC, LLC, 306 F.R.D. 655, 662 (D. Nev. 2015). "In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation. The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's 'position' on the topic. The designee testifies on behalf of the corporation and thus holds it accountable." Adidas Am., Inc. v. TRB Acquisitions LLC, 324 F.R.D. 389, 394 (D. Or. 2017) (quoting Sprint Communications Co. v. Theglobe.com, Inc., 236 F.R.D. 524, 527 (D. Kan. 2006)); see also Great Am. Ins. Co. of New York v. Vegas Const. Co., 251 F.R.D. 534, 538 (D.

Nev. 2008) ("The testimony of a Rule 30(b)(6) designee 'represents the knowledge of the corporation, not of the individual deponents.' "). Under the rule, the company has a "duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." Adidas Am., Inc., 324 F.R.D. 394.

The deposing party has a right to verify and explore information produced during discovery through a 30(b)(6) deposition. Campbell v. Facebook Inc., 310 F.R.D. 439, 449 (N.D. Cal. 2015). "Parties are entitled to test assertions in questioning witnesses during depositions, and it is fundamental that parties may simultaneously utilize any or all of the discovery mechanisms authorized by the rules." Campbell, 310 F.R.D. at 449 (citations omitted).

### B. Protective Order

Rule 26 provides that a party against whom discovery is sought may move for a protective order. Fed. R. Civ. P. 26(c). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . .." Fed. R. Civ. P. 26(c)(a). The Court may issue an order to protect a party, including limiting the scope of discovery or discovery of certain matters.

### III.

### DISCUSSION

Defendant argues that Plaintiff's deposition notice is unreasonable and that Napchare should not have to comply with it. Defendant contends that the scheduling order in this action was amended on August 8, 2018, and the discovery cutoff is February 8, 2019. In the months since August 8, 2018, Defendant asserts that Plaintiff has not made any efforts to take a Rule 30(b)(6) deposition or indicate that it would need to proceed. Defendant states that Plaintiff waited until January 14, 2019, to email counsel to request dates for the deposition prior to the February 8, 2019 discovery cut-off date. Defendant contends that the 36 matters noticed on Plaintiff's previous deposition notice would require the testimony of 20 witnesses and it would be impossible for counsel to locate, meet with, and prepare that number of witness in the limited time before discovery in this matter closes. Defendant argues that the deposition notice would

require preparation of 15 witnesses to testify to Plaintiff's medical treatment, corporate employees located in Birmingham, and Utilization Management employees that are local. Defendant contends that it is unreasonable to wait until 25 days before the close of discovery and then request a Rule 30(b)(6) deposition on 36 matters of inquiry. Defendant seeks for the Court to issue a protective order limiting to Plaintiff to depose either the witnesses located in Hanford, California, the witnesses located in Birmingham, Alabama, on location in Birmingham, and deny the deposition as to the percipient witness testimony. Defendant takes the position that it would be difficult to prepare either the Hanford or Birmingham witnesses prior to the close of discovery and it would be impossible to do both.

Plaintiff contends that these same issues were raised and discussed before Judge Grosjean in April 2018, and Judge Grosjean did not find that the notice of ten days was a reason to disallow the discovery. Plaintiff states that as a courtesy, Defendant Napchare was provided with notice that the same topics would be inquired into on January 15, 2019, about three weeks prior to the close of discovery. Plaintiff contends that it is not reasonable for him to have to depose 15 to 20 individuals who have had a tangential hand in Plaintiff's care. Plaintiff states that one of the main persons most knowledgeable about the topics to be inquired into was Helen Sneed and she has passed away. Additionally, Plaintiff states that one other critical employee is no longer employed by Napchare. Plaintiff argues that the corporation is in the best position to know who would be most knowledgeable about Plaintiff's care and should be required to prepare a person to speak to the issue. Plaintiff contends that the topics to be reviewed are fairly predictable for a case in which Plaintiff states that he was seen by an emergency room doctor and was ordered to follow up within two days and then did not see a specialist until six months later. Plaintiff argues that the deposition notice is essentially a deposition outline and he is unwilling to sacrifice his right to discovery on any of these topics. Plaintiff also contends that the only question that he will concede is overbroad asks about other lawsuits filed against Napchare alleging deliberate indifference over a period of five years and this could be mooted if Napchare would provide copies of those complaints as requested in written discovery.

Here, Plaintiff has not yet served the deposition notice and the resolution of the current

dispute had been delayed due to the time Plaintiff took to participate in preparing the informal dispute letter and by Plaintiff's counsel's failure to appear on January 22, 2019. So, while Plaintiff argues that Defendant has three weeks to prepare for the depositions, discovery in this action closes in just over two weeks.

Rule 30(b)(6) requires that the responding party "must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits." Adidas Am., Inc., 324 F.R.D. at 394–95 (quoting United States v. Taylor, 166 F.R.D. 356, 362 (M.D.N.C. 1996)). Therefore, "corporate parties have an obligation to present witnesses who are capable of providing testimony on the noticed topics regardless of whether the information was in the witness's personal knowledge, provided that the information is reasonably available to the corporation." Adidas Am., Inc., 324 F.R.D. at 395. Because of the burden and responsibilities imposed on the corporation, the deposing party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).

"Once notified as to the reasonably particularized areas of inquiry, the corporation then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation." Adidas Am., Inc., 324 F.R.D. at 395 (quoting Sprint Communications, Co., 236 F.R.D. at 528); see also Great Am. Ins. Co. of New York, 251 F.R.D. at 538 (once the deposition is noticed, "the responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics"). "[A] corporation has 'a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter.' " Great Am. Ins. Co. of New York, 251 F.R.D. at 538; Risinger, 306 F.R.D. at 662. The duty to prepare "goes beyond matters personally known to the witness or to matters in which the designated witness was personally involved." Risinger, 306 F.R.D. at 662.

In this instance, the Court shall grant the request for a protective order as to items one through four of the deposition notice dated April 13, 2018. These inquiries seek information regarding the care that Plaintiff received between January 1, 2016 and December 2016,

grievances filed by Plaintiff, oral statements made by Plaintiff, and information collected during booking. Plaintiff has received written discovery on these issues in Defendant's initial disclosures and has had the ability to depose the relevant individuals to the extent that further inquiry is needed. Due to the number of witnesses, the short time frame left for discovery, and the need to depose the person most knowledgeable in the other areas set forth in the notice, it would place an undue burden on Defendant to have to prepare the witnesses to address these issues this close to the discovery deadline. The Court shall grant the protective order as to these areas of inquiry, topics 1 through 4, for a Rule 30(b)(6) deposition.

The Court shall deny the request for a protective order as to the remaining topics noted in the deposition notice.[1] As set forth by Defendant, this involves two categories of employees. Plaintiff may depose the person most knowledgeable as to topics 5-9, 18, 19, and 31-33, which will require the deposition of an employee from the facility in Hanford, California. Plaintiff may also depose a corporate representative for topics 10-17, 20-30, 34, and 35. This will require the deposition of an employee in Birmingham, Alabama. The Court makes no ruling as to where the deposition of the corporate employee is to take place.

Again, the Court notes that the Rule 30(b)(6) deposition has not yet been noticed, and this ruling is without prejudice to the defendant, to be renewed depending upon when notice of the deposition is effected and the scope of the Rule 30(b)(6) notice.

The Court further notes that this action has been proceeding since March 23, 2017, and the initial scheduling order issued on July 25, 2017. (ECF No. 20.) The amended scheduling order in this action was filed on August 6, 2018. The parties are advised that the Court is not inclined to grant further amendment of the scheduling order.[2]

---

[1] The Court notes that Plaintiff's deposition notice is not a list of the topics to be inquired into, but is set forth as a discovery request. However, Defendant Napchare has not objected to the form of the notice.

[2] Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Rule 16's good cause standard considers the diligence of the party seeking amendment and the pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609. A party's lack of diligence by waiting until the last minute to pursue discovery is not good cause for modification of the scheduling order. Further, should any request to amend the scheduling order be filed, the Court will consider Plaintiff's counsel's participation in creating the letter brief and failure to appear at the two dates set to address the dispute.

Based on the foregoing, IT IS HEREBY ORDERED that Defendant Napchare's request for a protective order is GRANTED as to topics 1 through 4 on Plaintiff Michael Valdez' notice of taking deposition of Defendant Napchare, dated April 13, 2018, and DENIED without prejudice as to the remaining topics noticed.

IT IS SO ORDERED.

Dated:   **January 23, 2019**

_____
UNITED STATES MAGISTRATE JUDGE