# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VALDEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LARRY LEEDS, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00430-LJO-SAB<br><br>ORDER CONTINUING HEARING ON MOTION FOR PROTECTIVE ORDER TO MAY 2, 2019 AT 8:30 A.M.<br><br>ORDER REQUIRING PARTIES TO MEET AND CONFER AND FILE SUPPLEMENTAL JOINT STATEMENT<br><br>(ECF No. 95) |

On March 22, 2019, Defendants Hanford Police Department ("HPD"), Larry Leeds ("Leeds"), Patrick Jurdon ("Jurdon"), Dale Williams ("Williams"), Christifer Barker ("Barker"), and Jarred Cotta ("Cotta") (collectively, the "Defendants")[1] filed a motion for a protective order. (ECF No. 89.) The Court held a hearing on the motion on April 10, 2019. (ECF No. 98.) At the hearing, attorney Morgan E. Ricketts appeared on behalf of Plaintiff, attorney Mario U. Zamora appeared on behalf of Defendants Larry Leeds and the city of Hanford, and attorney Chad Couchot appeared on behalf of Defendant Naphcare.

During the hearing, the Court determined that the briefing, joint statement, and record

---

[1] The instant motion does not relate to claims against Defendant Naphcare, Inc., and Naphcare does not take a position regarding the motion, and thus is not included when referring to "Defendants" for purposes of this order. (ECF No. 97.)

1

provided to the Court is insufficient to address the discovery in dispute and to determine the parameters of a potential protective order. However, the parties agreed that at least some of the documents in dispute should be produced as responsive to the discovery requests, at least for the purposes of use in this federal civil proceeding, and agreed to begin the process of determining what documents Defendants will produce, subject to potential redactions and to the entry of a protective order limiting use of the documents outside of this proceeding. Thus, separate from the terms of the protective order which may apply to the documents produced, the Court will require the parties to meet and confer with the goal of narrowing any dispute concerning the scope of the discovery requests, and what aspects of the requests or specific documents Defendants maintain any objections as to. From the parties' representations at the hearing, it appears that they should be able to come to an agreement on what is and what is not relevant and producible within the officer's personnel files, and other documents which are responsive to the specific discovery requests in dispute, and thus narrow that aspect of the discovery dispute down to the specific remaining requests or documents which may require court intervention to further resolve disputes concerning. Ultimately, the Court is hopeful this aspect of the discovery dispute can be resolved without the need for the Court to address the specific requests, however if such dispute remains, the parties shall address, with clear and narrow specificity, which aspects of which requests remain in dispute, and the legal authorities applicable to the remaining dispute, in the supplemental joint statement.

On the other hand, it appears there is likely an impasse on the issue of whether the protective order shall restrict the ability of Plaintiff to use the disclosed materials outside of this federal civil proceeding, and specifically within the related criminal proceeding in state criminal court. The parties shall also meet and confer regarding this issue, and if unable to resolve, shall address this issue in their joint statement describing the parties' positions regarding this issue along with sufficient legal authority supporting their respective positions.

Additionally, in order to aid the meet and confer process, Defendants shall provide Plaintiff with a draft of a proposed protective order on or before Monday, April 15, 2019.

///

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on the motion for protective order is CONTINUED until May 2, 2019, at 8:30 a.m. in Courtroom 9;

2. Defendants shall provide Plaintiff with a draft proposed protective order on or before April 15, 2019;

3. The parties shall meet and confer to determine which documents Defendants will agree to produce subject to a protective order, and what aspects of the requests or specific documents Defendants maintain objections to;

4. The parties shall also meet and confer regarding the scope of the protective order pertaining to potential use of the disclosed documents outside of this federal civil proceeding;

5. On or before April 24, 2019, the parties shall file a joint statement which clearly and narrowly addresses the issues that remain following the meet and confer process (including a joint statement and respective position with authority on each on the documents not to be produced and a joint statement and respective position with authority from each party on the proposed protective order); and

6. If the parties wish to informally discuss any issues that arise during the interim period, they may contact the courtroom deputy to schedule an informal telephonic conference.

IT IS SO ORDERED.

Dated: **April 10, 2019**

UNITED STATES MAGISTRATE JUDGE